IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:16-cr-00001-1 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| WILLIAM AUTHOR MORGAN, JR. ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant William Author Morgan, Jr.'s motion for early termination of supervised release. (Dkt. No. 143.) The government does not oppose the request. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Morgan's motion. As recommended by the probation office, the court will grant Morgan's motion.

I. BACKGROUND

In 2016, Morgan pleaded guilty to one count of conspiracy to possess with intent to distribute a measurable quantity of methamphetamine. Morgan was sentenced to sixty months in prison and a three-year term of supervised release.

According to the Agreed Statement of Facts, police learned that packages of bulk methamphetamine were being mailed to an address in Garden City, near Roanoke, in the Western District of Virginia. (Dkt. No. 102.) Based on this information, police began to watch for packages coming to this address. Eventually, a package matching what they were expecting to see came from California. A drug dog hit on the package, so police obtained a search warrant and discovered that the package contained approximately 1.3 kilograms of methamphetamine mixture.

Officers then resealed this package and conducted a controlled delivery of the package to the Garden City address. William Morgan, Sr., received the package and brought it into the

residence.  Shortly thereafter, Morgan, Jr. arrived at the residence.  Police then served a search warrant at the residence and discovered the package.

When interviewed, Morgan admitted receiving previous packages of methamphetamine, sent from California to his father's Garden City address, admitted selling the methamphetamine that was received, and admitted returning the profits of these sales to Morgan, Sr., who then conveyed the money to the California source.  The government was able to develop at least five other sources of information who had personal knowledge that the Morgans were involved in the methamphetamine business.

In his motion, Morgan indicates that he began serving his term of supervised release in June 2020.  He has a full-time job at Canatal Steel in the shipping department.  He has cared for his daughter and is in the process of obtaining full custody of his son.  Probation offers that Morgan is being supervised on the low-risk, administrative caseload.  His employment and home situation have been stable.  Morgan is currently 39 years old.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651

(M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).  "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals."  *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination.  *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

Morgan's offense was serious, but at this point, Morgan has served his period of incarceration and more than two years out of the three-year term of supervised release.  Morgan is gainfully employed and involved in stable relationships with his children.  The court finds that there is no longer a need to protect the public or to deter Morgan from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Morgan's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, Morgan's motion for early termination of supervised release (Dkt. No. 143) will be granted.  The court will issue an appropriate order.

Entered: August 15, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge